UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERVIN CATRO**                                    **CIVIL ACTION**

**VERSUS**                                         **CASE NO. 25-1137**

**JEFFREY KIEFER, et al.**                         **SECTION: "G"(5)**

## ORDER AND REASONS

Before the Court is Defendants Venture Global LNG, Inc. and Venture Global Plaquemines LNG, LLC's (collectively, "VG Entities") Rule 12(b)(6) Moton to Dismiss.[1] In this litigation, Plaintiff Ervin Catro ("Plaintiff") is suing Defendants Venture Global LNG, Inc., Venture Global Plaquemines LNG, LLC, KZJV, LLC, and Bigge Crane and Rigging Co. (collectively, "Defendants") for damages related to a crane collapse that occurred on April 16, 2024.[2] In the instant motion, VG Entities argue that Plaintiff has not stated a tort claim against them under Louisiana law. Plaintiff opposes the motion.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court grants the motion in part and denies the motion in part.

## I. Background

Plaintiff alleges that on or about April 16, 2024 he was employed by Baker Gulf Coast Industrial LLC, and at that time he was working on a job site owned by VG Entities.[4] Plaintiff

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 2-1. Plaintiff also named Zachry Construction Corp. and Jeffrey Kiefer as defendants, but he subsequently dismissed those claims.

[3] Rec. Doc. 25.

[4] Rec. Doc. 2-1 at 3.

alleges that Bigge Crane and Rigging Co. provided the cranes for said job site.[5] Plaintiff asserts that he was carefully performing his work when the crane "suddenly and without warning, began to break, collapse, and/or topple over."[6] Plaintiff alleges that he fell and suffered injuries while attempting to avoid the path of the crane collapse.[7] Plaintiff states that the crane was previously red tagged for service, and "collapsed the day it was put back into use."[8] Plaintiff asserts that VG Entities are at fault for the injuries sustained because they intentionally and negligently failed to maintain the premises in a reasonably safe condition, failed to warn of the existence of a dangerous condition, failed to adequately train their personnel on how to inspect the premises for hazards, failed to cure a known hazardous condition, failed to ensure the safety of individuals working on the jobsite, or failed to exercise the appropriate degree of care.[9]

On April 16, 2025, Plaintiff filed a Petition for Damages against Defendants in the 25th Judicial Court for the Parish of Plaquemines.[10] Defendants removed the case to this Court on June 4, 2025.[11] Defendants VG Entities filed the instant Rule 12(b)(6) Motion to Dismiss on June 17, 2025.[12] On August 26, 2025 Plaintiff filed an opposition.[13] VG Entities filed a reply brief in further

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.* at 3–4.

[10] Rec. Doc. 1-1.

[11] Rec. Doc. 2. On June 9, 2025, Plaintiff voluntarily dismissed his claims against Jeffrey Kiefer and Zachry Construction Corp. Rec. Docs. 5, 6.

[12] Rec. Doc. 18.

[13] Rec. Doc. 25.

support of the motion to dismiss on August 28, 2025.[14]

## II. Parties' Arguments

### A.    *VG Entities' Arguments in Support of Their Motion*

VG Entities move the Court to dismiss the claims Plaintiff raises against them.[15] VG Entities assert Plaintiff has no cause of action against them under Louisiana law.[16] VG Entities argue that Plaintiff has not identified any actions taken by VG Entities which support the allegations against them.[17] VG Entities assert that "under long-established Louisiana law, allegations by [Plaintiff] that the VG Entities failed to provide a safe place to work and/or the failed to correct unsafe working conditions are, by definition, insufficient to establish an intentional tort."[18]

VG Entities also argue that "[Plaintiff] had failed to plead sufficient facts to state a claim for negligence against them."[19]  VG Entities claim that Plaintiff "failed to allege facts establishing both the specific duty that the VG Entities owed Plaintiff, as well as facts establishing how the VG Entities breached the duty that they allegedly owed."[20] VG Entities point out that Plaintiff has merely alleged that they were working on a jobsite owned by VG Entities.[21] VG Entities assert that they cannot be found liable because the conclusory legal conclusions of negligence in the

---

[14] Rec. Doc. 26.

[15] Rec. Doc. 18-1.

[16] *Id.* at 1.

[17] *Id.* at 3.

[18] *Id.* at 6.

[19] *Id.* at 7.

[20] *Id.* at 8.

[21] *Id.*

Complaint is insufficient to establish a duty or breach of said duty to Plaintiff.[22]

**B.    *Plaintiff's Arguments in Opposition***

Plaintiff concedes that he cannot state a claim for an intentional tort against VG Entities.[23] However, Plaintiff maintains that he has stated a cognizable claim for negligence in the Petition.[24] Alternatively, Plaintiff requests an opportunity to amend the Petition to cure any deficiencies.[25]

Plaintiff contends he has plead specific factual allegations regarding VG Entities negligence.[26] Plaintiff argues that the Petition includes a clear and concise allegation that VG Entities violated duties owed to Plaintiff. Plaintiff asserts the allegations, when accepted as true, show that VG Entities "allowed a dangerous and unsafe crane to exist on its property, be placed into service, and allowed to collapse and topple over, without warning Plaintiff of said dangers and/or otherwise preventing the crane from collapsing and toppling over."[27]

**C.    *VG Entities Arguments in Reply***

VG Entities point out that Plaintiff has conceded that there is no cognizable intentional tort claim.[28] Hence, the intentional tort claim should be "dismissed with prejudice."[29] As to the negligence claims, VG Entities argues that Plaintiff has not plead specific facts with regards to any

---

[22] *Id.*

[23] Rec. Doc. 25 at 1.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.* at 5.

[28] Rec. Doc. 26 at 1.

[29] *Id.*

alleged negligent act by VG Entities.[30] "In other words, the plaintiff had not alleged when, where, what, why, or how any specific actions of the VG Entities caused the crane collapse."[31] VG Entities claims the Petition only alleges specific negligent acts by other Defendants and these acts should not be imputed onto them.[32] VG Entities asserts that the only alleged fact in the Petition related to them is that they "owned the premises."[33] VG Entities concludes by stating the "generic conclusions in paragraph 11" of the Petition" are "unwarranted factual inferences" that the Court should disregard.[34]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[35] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[36] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[37] "Factual allegations must be enough to raise a right to relief above the speculative level."[38] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[30] *Id.* at 2.

[31] *Id.*

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.* at 4.

[35] Fed. R. Civ. P. 12(b)(6).

[36] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[37] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[38] *Twombly*, 550 U.S. at 555.

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[39]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[40] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[41] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[42] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[43] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[44] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[45] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[46] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[47]

---

[39] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[40] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[41] *Iqbal*, 556 U.S. at 678–79.

[42] *Id.* at 679.

[43] *Id.* at 678.

[44] *Id.*

[45] *Id.*

[46] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[47] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

### A.    Intentional Tort Claims

Here, VG Entities assert that Plaintiff's allegations are "insufficient to establish an intentional tort."[48] Plaintiff concedes that he cannot maintain an intentional tort claim against VG Entities under Louisiana law.[49] Therefore, the Court dismisses Plaintiff's intentional tort claims against VG Entities.

### B.    Negligence Claims

Under Louisiana law, a plaintiff asserting negligence must prove:

> (1) the defendant had a duty to conform his conduct to a specific standard of care, that is, the duty element, (2) the defendant's conduct failed to conform to the appropriate standard of care, that is, the breach element, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, that is, the cause-in-fact element, (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries, that is, the scope-of-duty element, and (5) actual damages, that is, the damages element.[50]

VG Entities argue that Plaintiff has not alleged facts establishing a duty owed to Plaintiff or a breach of that duty. Specifically, VG Entities asserts that their ownership of the job site where the injury occurred is not enough to establish a duty to Plaintiff. Generally, property owners are not liable for the negligence of an independent contractor working on the property.[51] However, "the owner of a facility has an independent duty to exercise reasonable care for the safety of those on the premises, *including* employees of independent contractors."[52] VG Entities do not dispute

---

[48] Rec. Doc. 18-1 at 6.

[49] Rec. Doc. 25 at 1.

[50] *Shelley v. Hilcorp Energy Co.*, No. 22-1345, 2023 WL 4235563, at *5 (E.D. La. June 28, 2023) (citing *Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014)).

[51] *See Terese v. 1500 Lorene, LLC*, No. 09-4342, 2010 WL 4702369, at *3 (E.D. La. 2010)).

[52] *Id.* (citing *Dupre v. Chevron U.S.A., Inc.*, 20 F.3d 154, 157 (5th Cir. 1994)).

their alleged ownership of the property where Plaintiff was injured, or that Plaintiff was an independent contractor working on said property. Therefore, Plaintiff's specific allegations of VG Entities' failure to maintain or inspect the premises to ensure the property was reasonably safe raises a plausible duty owed to Plaintiff and a plausible breach of such a duty. Thus, Plaintiff has satisfied the pleading standard for his negligence claims against VG Entities.

VG Entities argue the pleading standard has not been met because Plaintiff's claims are conclusory and no reasonable inference of negligence can be drawn from the facts alleged. VG Entities analogize *Shelley v. Hilcorp Energy Co.* to the case at bar.[53] In *Shelley*, the court dismissed the plaintiff's claims because the allegations within were "speculative, conclusory, and unspecific to any individual defendant."[54] However, there are notable differences between the facts here and those in *Shelley*. Here, Plaintiff's allegations regarding VG Entities' negligence do have some overlap with the allegations made against other defendants. However, there are specific allegations made only against VG Entities such as failing to maintain the premises in a reasonably safe condition, failing to warn of the existence of a dangerous condition, failing to adequately train their personnel on how to inspect the premises for hazards, failing to cure a known hazardous condition, failing to ensure the safety of individuals working on the jobsite, or failing to exercise the appropriate degree of care.[55] Further, the allegations here differ from those in *Shelley* because here the injury occurred on premises owned by VG Entities, while in *Shelley* the damage occurred on a navigable waterway.[56] Hence, the allegations here are specific to VG Entities as the owners

---

[53] *Id.*

[54] *Shelley v. Hilcorp Energy Co.*, No. 22-1345, 2023 WL 4235563, at *5 (E.D. La. June 28, 2023).

[55] Rec. Doc. 2-1 at 3–4.

[56] Rec. Doc. 2-1; *Shelley*, 2023 WL 4235563, at *1.

of the property where the injury occurred. For these reasons, Plaintiff has stated a claim against VG Entities for negligence under Louisiana law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Venture Global Plaquemines LNG, LLC and Venture Global LNG, Inc.'s Rule 12(b)(6) Moton to Dismiss[57] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent it seeks dismissal of Plaintiff's intentional tort claims. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that the intentional tort claims raised against the VG Entities are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this ___1st___ day of October, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[57] Rec. Doc. 18.